UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA AGUILAR CERVANTES,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, et al.,<br><br>Respondents. | No. 1:26-cv-03342-DJC-SCR<br><br><br>RELEASE ORDER<br><br>A# 221-370-644 |

Petitioner Andrea Aguilar Cervantes is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 1 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 3.) Respondents do not identify any factual or legal distinctions between this case and prior cases. (ECF No. 5.) Respondents argue that the appropriate remedy is for Petitioner to receive a bond hearing as opposed to

1

release.  (*See id.*)  The Court disagrees that a bond hearing at this stage would represent appropriate relief.

At the time of this order, Petitioner has been in custody for well over a month. Despite ample opportunity to do so, the Government has not provided Petitioner with the statutorily required bond hearing during that time.  Such a lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights.  *See Gerstein v. Pugh*, 420 U.S. 103, 125–26 (1975) (For state criminal defendants "a timely judicial determination of probable cause is a necessary prerequisite of detention[.]"); *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (In the context of parole revocation "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest ...."); *see also United States v. Montalvo-Murillo*, 495 U.S. 711, 723 n.3 (1990) (Stevens, J., dissenting) (stating that "[w]e have recognized that delay of a hearing related to detention itself can violate constitutional guarantees of due process[,]" and citing the previously cited cases).  The Government has made a unilateral determination that individuals such as Petitioner are not entitled to a bond hearing, denying them the process they are due under section 1226(a).  (*See* ECF No. 15 at 2 (arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as a noncitizen who is physically present in the United States but not lawfully admitted).)  Provision of a bond hearing after weeks of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.

Accordingly, as Respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

Respondents are ORDERED to immediately release Petitioner Andrea Aguilar Cervantes from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3